UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| WALLACE BYERS | NO.: 19-00024-BAJ-EWD |

RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss (Doc. 26).** Plaintiff filed an Opposition to the Motion to Dismiss. (Doc. 28). Oral argument is not necessary. For the following reasons, the Motion to Dismiss (Doc. 26) is **DENIED**.

I. BACKGROUND

Defendant Wallace Byers is alleged to have fraudulently induced various victims to invest in WBI Associates, LLC, ("WBI") a company purportedly created to invest in high-yield investments on behalf of its clients. (Doc. 1 at par. 2). Defendant allegedly made false promises to investors for the purposes of tricking them into giving WBI money to be invested in certain securities. Instead of investing the money, he transferred that money into his personal account. (*Id.* at ¶¶ 1-16). Defendant is alleged to have transferred $3,000,000 from WBI's bank account in the United states to the bank account of an entity known as Byers Investment at UBS Swiss Financial Advisers AG in Zurich, Switzerland on or about July 24, 2018. (*Id.* at ¶ 17). On March 20, 2019, a federal grand jury returned a four-count indictment against

Defendant, charging him with wire fraud[1] and international money laundering.[2] (Doc. 1).

Defendant now moves to dismiss Count 4 of the indictment involving the transfer of $3,000,000 from the United States to Switzerland. The Government opposes the motion.

## II. LEGAL STANDARD

An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions of the same offense. *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994). Fed. R. Crim. P. 7(c) provides that an indictment shall be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is properly pleaded if it informs the accused of the offense with "sufficient specificity to enable him to prepare his defense." *James v. United States*, 416 F.2d 467, 472 (5th Cir. 1969).

To establish international money laundering, the Government must establish: (1) that the defendant transported, transmitted, or transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States; (2) that the defendant knew that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity; and (3) that the defendant knew that such

---

[1] Wire fraud is a violation of 18 U.S.C. § 1343.

[2] International money laundering is a violation of 18 U.S.C. § 1956(a)(2)(B)(i).

transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity. *See* 18 U.S.C. § 1956(a)(2)(B)(i); COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASSOCIATION, 5TH CIRCUIT, PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) 356 (2015); *Cuellar v. United States*, 128 S.Ct. 1994, 2002 (2008).

### III. DISCUSSION

Defendant concedes that the funds in question were properly deemed proceeds of illicit activity for the purposes of the indictment, and that the Government properly pleaded that Defendant was aware of that fact. (Doc. 26-1 at pp. 1-2). Further, Defendant does not challenge the fact that $3,000,000 was transferred from the United States to Switzerland. Defendant does, however, contest the Government's characterization of the purpose of such transfer: to disguise the "nature, location, source, ownership, or control" of the funds. (*Id.* at p. 2). Defendant claims that to open a Swiss bank account, he had to provide his passport and complete an IRS W-9 form. (*Id.*). Defendant argues that the Government has not alleged enough facts to establish the requisite intent to conceal or disguise the origin of the money when both bank accounts were obviously owned by and named after Defendant. (*Id.* at p. 6).

The Court disagrees. Defendant essentially argues that his association with the Swiss bank account is too obvious for there to have been a reasonable allegation that moving funds into that account was an attempt to conceal the funds. However, whether the attempt to conceal was successful or not is immaterial to the issue of

whether there was subjective *intent* to deceive. The only question that matters is whether Defendant acted with the intent to deceive, even if it appears as though the method of deception was obvious.

Defendants cites *Cuellar v. United States*, 553 U.S. 550 (2008) where the Supreme Court of the United States found that the subjective reasons *why* money was moved in a particular way is the key factor in determining whether there was intent to deceive in an international money laundering case. The Court agrees that the reasons the funds were transferred to Switzerland is central to a determination of whether Defendant intended to deceive anyone by transferring the funds. However at this stage, the Government is required only to make allegations that give Defendant notice of the Government's charges, and that accurately relate the elements of the charged offense. The Indictment provides:

> On or about July 24, 2018 . . . Wallace Byers did transfer . . . $3,000,000 from WBI's bank account ********4004 at a TD Bank branch in Miami, Florida, to Byers Investments' bank account ********2001 a UBS Swiss Financial Advisers AG in Zurich, Switzerland, knowing that such . . . transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the specified unlawful activity, i.e. wire fraud in violation of 18 U.S.C. § 1343. (Doc. 1 at ¶ 17).

The Government further alleges that part of Defendant's scheme was to falsely inform his victims that the money they paid to him was already invested "overseas" and that he no longer had control of it. (*Id.* at ¶ 15). Whether the requisite intent to deceive was present is not a matter that can be definitively determined at this stage, and must be determined by the trier of fact at trial. Regardless, the Indictment sufficiently informs the Defendant of the nature of the overall scheme to

defraud potential investors, and that Defendant is alleged to have transferred money from the United States to Switzerland in an attempt to conceal the "nature, location, source, ownership, or control" of said funds. Defendant's motion is DENIED.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 26)** is **DENIED**.

Baton Rouge, Louisiana, this 4th day of September, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA