UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **WALLACE BYERS** | **NO.: 19-00024-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss Third Party's Claim (Doc. 80)** filed by the United States of America. For the reasons that follow, the **Motion (Doc. 80)** is **GRANTED**.

**I. BACKGROUND**

On January 7, 2020, the United States filed a Motion for a Final Order of Forfeiture (Doc. 49), requesting that the Court order the forfeiture of five seized assets to the United States so that these funds could be combined and returned to all of the victims of the Defendant's scheme. One of the categories of seized assets is held in a UBS Swiss Financial Advisers account ending in account number 2001. On January 24, 2020, counsel for one of the victims, identified as Victim A, filed an objection (Doc. 55) to the United States' Motion for a Final Order of Forfeiture. On February 18, 2020, the United States filed a response (Doc. 70) to Victim A's objection, and counsel for Victim A filed a reply to the United States' response (Doc. 72). On March 11, 2020, the United States filed a motion to dismiss Victim A's objection to the final order of forfeiture (Doc. 80).

1

## II. LEGAL STANDARD

"Rule 32.2 and 21 U.S.C. § 853 set out two different proceedings in forfeiture cases: a forfeiture phase involving the criminal defendant, and an ancillary proceeding for third parties." *United States v. Huynh*, 595 Fed.Appx. 336, 339 (5th Cir. 2014). The purpose of the ancillary proceeding is to adjudicate a third party's interest in the property being forfeited. *See United States v. Butt*, 930 F.3d 410 (5th Cir. 2019). In the ancillary proceeding, the burden is on the petitioner to establish by a preponderance of the evidence that he has a legal right, title, or interest in the property or that he is a bona fide purchaser for value of the right, title, or interest in the property. 21 U.S.C. § 853(n)(6).

## III. DISCUSSION

"A third party can prevail in the ancillary proceeding in one of two ways: (1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture." *United States v. Holy Land Foundation for Relief and Development*, 722 F.2d 677, 684 (5th Cir. 2013). A person who no longer retains an interest in a property is not entitled to direct notice and lacks standing to assert a claim. *United States v. Phillips*, 185 F.3d 183, 187 (4th Cir. 1999). *See also DSI Associates LLC v. United States*, 496 F.3d 174, 184 (2d. Cir. 2007); *United States v.*

*Salam Inc.*, 191 F.Supp.2d 725, 728 (E.D.La. November 20, 2001); *United States v. Hanson*, 2012 WL 5033235, at *3; *United States v. Butt*, 930 F.3d 410, 412 (5th Cir. 2019); *United States v. Corpus*, 491 F.3d 205, 207 (5th Cir. 2007).

In the United States' response to Victim A's objection (Doc. 70) and in the motion to dismiss (Doc. 80), the United States argues that Victim A lacks standing to contest the forfeiture. Victim A wired funds to an account controlled by Timothy Burge, who then transferred the funds to a JP Morgan Chase savings account belonging to Defendant Wallace Byers. Because Victim A transferred the funds voluntarily, the United States argues, Victim A did not retain an interest in them. The United States cites authority indicating that individuals who transfer property to defendants surrender title to that property, becoming unsecured creditors, and thus lack standing to contest forfeiture of that property. *United States v. BCCI Holdings, Luxembourg, S.A.*, 69 F.Supp. 2d 36, 59 (D.D.C. 1999).

In his reply to the United States' response, Victim A argues that he retains an interest in the property because he did not voluntarily transfer any funds directly to Byers. This is because Victim A transferred the funds directly to Burge who then, unbeknownst to Victim A, sent Victim A's funds to Byers in order to make a profit for himself. Victim A knew nothing of the transfer of the funds by Burge to Byers.

Victim A does not cite to any authority in support of his position. By contrast, the United States cites to several cases holding that individuals who transfer property to a defendant surrender title to that property, even if they are victims of

3

fraud.[1] *See United States v. Eldick*, 223 Fed. Appx. 837, 839-40 (11th Cir. 2007) (quoting *BCCI Holdings, Luxembourg, S.A.*, 69 F.Supp. 2d at 59) ("A fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant."); *United States v. Ramunno*, 2009 WL 363910 (N.D.Ga. Jan. 13, 2009).

Under these circumstances, the Court concludes that Victim A transferred the funds voluntarily, even if he was unaware of the transfer of the funds by Burge to Byers. Thus, Victim A lacks standing to contest the forfeiture. His recourse is a cause of action in tort. *See Eldick*, 223 Fed. Appx. at 839-40.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Third Party's Claim (Doc. 80)** is **GRANTED.**

Baton Rouge, Louisiana, this 5th day of May, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] The United States contends that the outcome would be different if the individuals transferring property to defendants are victims of theft or embezzlement. *See United States v. Monzon*, 2009 WL 361095, at *2 (S.D. Fla. Feb. 9, 2009).